```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

MIKE REDFORD, INC.,             §
                                §
    Plaintiff,                  §
                                §
v.                              §   Civil Action No. H-12-648
                                §
FRED APFFEL, et al.,            §
                                §
    Defendants.                 §

## MEMORANDUM, RECOMMENDATION and ORDER

    This contract action was filed on February 29, 2012, by Mike Redford, Inc., against Fred Apffel, Hoerbiger America Holding, Inc., and others. Mike Redford ("Mr. Redford") appeared on behalf of Plaintiff, Mike Redford, Inc. In pleadings filed with the court, Mr. Redford claimed no bar admission, but placed "JD, LL.M (Criminal Law)" after his name.

    On September 28, 2012, the court ordered that Mr. Redford apply for admission *pro hac vice* within ten days from his receipt of the order, attaching the required certificate of good standing from the state bar to which he was admitted.[1] Mr. Redford failed to comply with the court's order. Consequently, on October 24, 2012, the court set a show cause hearing for November 8, 2012, wherein Plaintiff was to show cause why the action should not be dismissed for its failure to be represented by a licensed attorney.[2]

---

    [1]    <u>See</u> Doc. 22, Order Dated Sept. 28, 2012.

    [2]    <u>See</u> Doc. 23, Order to Show Cause.

On November 5, 2012, Mr. Redford filed a motion to appear *pro hac vice* seeking admission to practice law before this court despite his lack of any law license.[3]  In the motion, Mr. Redford explains that he has "tentative" dates to take the Alabama Bar Exam as well as exams to practice before the Tax Court and the Patent and Trademark Office.[4]

Local Rule 83 provides that to be eligible for admission to practice before this court, a lawyer "must be licensed to practice law by the licensing authority of one of the fifty states . . . ." Here, Mr. Redford may be a graduate of a law school, but he is not a lawyer and may not practice law without a license.  The court deems his representation of Plaintiff, a corporation, as practicing law without a license.  See Tex. Gov't Code, § 81.101(a) (defining the "practice of law" as "the preparation of a pleading . . . incident to an action . . . before a judge in court . . . ."). Under certain circumstances, the unauthorized practice of law may be punished under the criminal laws.  See Texas Penal Code Ann., § 38.123.

The court considers the unauthorized practice of law to be serious misconduct that is not excused by Mr. Redford's professed intention to take bar exams in the future.  Mr. Redford's motion to

---

[3]   See Doc. 25, Mr. Redford's Mot. for Admission.

[4]   In the motion, Mr. Redford stated that he plans to take the Alabama bar on June 26, 2013.  However, according to the Alabama Board of Bar Examiners' website, the Alabama bar exam will be held on July 29-31, 2013.

appear *pro hac vice* is **DENIED**.

On November 8, 2012, Plaintiff failed to show cause why this action should not be dismissed for its failure to prosecute the action with a licensed attorney.  Plaintiff has been on notice of the requirement to have a licensed attorney represent it since the end of September but has failed to hire a licensed attorney.[5] Plaintiff was also warned that the failure to hire licensed counsel would result in a recommendation that this action be dismissed.[6] Plaintiff has failed to comply with the court's orders that it be represented by a licensed attorney.

It is therefore **RECOMMENDED** that this action be **DISMISSED** for Plaintiff's failure to prosecute this action with a licensed attorney.

The Clerk shall send copies of this Memorandum, Recommendation and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such

---

[5]   See Doc. 22, Order Dated Sept. 28, 2012.

[6]   See Doc. 23, Order to Show Cause.

objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 8<u>th</u> day of November, 2012.

Nancy K. Johnson
United States Magistrate Judge